AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
08/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
08/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____JD_____ DEPUTY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RICHARD ANDREW AGUIRRE,

        Defendant.

Case No.  8:23-mj-00418-DUTY

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

    I, the complainant in this case, hereby state that the following is true to the best of my knowledge and belief.  On or about **August 18, 2023**, in the County of Los Angeles, within the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) | Possession with Intent to Distribute More than 500 Grams of Substance Containing Methamphetamine |

    This criminal complaint is based on these facts:

        *See* the facts set forth in the attached affidavit.

    ☒  Continued on the attached sheet.

/s/
*Complainant's Signature*

Zach Bargeron, DEA Special Agent
*Printed Name and Title*

Attested to by the complainant via telephone in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 21 August 2023

*Judge's Signature*

City and State: Santa Ana, California

Karen E. Scott, U.S. Magistrate Judge
*Printed Name and Title*

AUSA:  Robert J. Keenan // Cell: (213) 393-7762

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Zachary A. Bargeron, being duly sworn, declare and state as follows:

**TRAINING AND EXPERIENCE**

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered by law to conduct investigations of and make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA"), an agency of the U.S. Department of Justice. I have been so employed since December 2019. I am currently assigned to Los Angeles Field Division ("LAFD") Orange County District Office ("OCDO"). At the OCDO, I am assigned to Enforcement Group-1 ("ENF-1"), an enforcement group investigating narcotics trafficking and money laundering violations under Titles 18 and 21 of the United States Code. I have received 17 weeks of specialized training in Quantico, Virginia, pertaining to narcotics trafficking, money laundering, undercover operations, and electronic and physical surveillance procedures.

3. During the course of my employment, I have received comprehensive, formal instruction on such topics as drug identification, money-laundering techniques, patterns of drug trafficking, complex conspiracies, the exploitation of narcotics traffickers' telecommunications devices, criminal law, surveillance, and other investigative techniques. I have initiated and assisted in investigations of the unlawful

importation, manufacture, possession with intent to distribute, and distribution of narcotics (including cocaine, heroin, and methamphetamine), the laundering of narcotics proceeds, and conspiracies associated with narcotics offenses.  In conducting these investigations, I have utilized a variety of investigative techniques and resources, including but not limited to such techniques as surveillance, confidential sources, search warrants, telephone toll analysis, undercover operations, and wire intercept communications analysis in Title III and California State wiretap investigations.

### PURPOSE OF AFFIDAVIT

4.  This affidavit is made in support of a criminal complaint and arrest warrant against **RICHARD ANDREW AGUIRRE** ("AGUIRRE") for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii) (Possession with Intent to Distribute More Than 500 Grams of Mixture or Substance Containing Methamphetamine).

5.  This affidavit is submitted for the limited purpose of demonstrating that there is sufficient probable cause for the requested complaint and arrest warrant.  It does not, therefore, purport to set forth all of my knowledge of this matter or the investigation thereof.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

6.  The facts set forth in this affidavit are based upon the following: information obtained, directly or indirectly, from other law enforcement personnel; information from certain

databases, e.g., DMV and NCIC databases regarding defendant's vehicle and criminal history; and, where noted, my training and experience.

## STATEMENT OF PROBABLE CAUSE

**A.     Commencement of Investigation**

7.     On August 18, 2023, I received information from Detective Brian Berg with the Los Angeles Interagency Metropolitan Police Apprehension Crime Task Force ("LA-IMPACT") regarding an automobile accident involving AGUIRRE that occurred on August 18, 2023, and which led to the seizure of approximately 130,362.45 grams (gross weight) of suspected methamphetamine and the arrest of AGUIRRE on a state charge.

**B.     California Highway Patrol Investigation**

8.     On August 18, 2023, I spoke with California Highway Patrol ("CHP") Officer Theodore Jolin, who provided the following information:

a.     On August 18, 2023, at approximately 8:57 a.m., Officer Jolin responded to an automobile accident on the westbound State Route 60 in or near the city of Diamond Bar, CA. Upon arriving to the scene, Officer Jolin observed a black Honda Odyssey minivan with damage to the driver-side of the vehicle. A witness on the scene said that the vehicle had rolled over onto the driver side of the vehicle, but numerous bystanders at the scene pushed the vehicle back upright onto its wheels.

b.     As Officer Jolin approached the vehicle, AGUIRRE, who was in the vicinity of the vehicle, began to run away, jumping over highway dividers and fences in an attempt to flee

3

the scene. Officer Jolin relayed the description of AGUIRRE to other responding Officers, who apprehended AGUIRRE a short time later.

   c. After AGUIRRE fled the scene, Officer Jolin conducted a safety check of the vehicle in order to make sure there were no other persons within the vehicle. Officer Jolin opened the rear passenger sliding door and observed 5 black containers with yellow tops opened as a result of the accident and numerous clear plastic Ziplock bags containing a white crystalline substance scattered throughout the vehicle.

   d. Due to the unknown crystalline substance in the clear plastic bags, Officer Jolin requested a CHP K-9 patrol unit to respond to the scene.

   e. For the safety of the K-9, CHP Officers, and other vehicles, the Honda Odyssey was towed from State Route 60 to Grand Avenue off State Route 60 in or near the city of Diamond Bar, CA.

   f. CHP K-9 Officer Ray Lopez arrived on scene and deployed a drug-detection dog to conduct a sniff around the exterior and interior of AGUIRRE's vehicle. The K-9 alerted to the bumper and hatch area of the vehicle, and inside the rear passenger area.

   g. CHP Officers discovered two black Samsung cellular devices on AGUIRRE's person at the place where he was apprehended.

   h. AGUIRRE was placed under arrest for Resisting an Executive Officer in Performance of Duty in violation of

4

California Penal Code § 69(a), and transported to Pomona Valley Hospital for a medical screening. AGUIRRE was medically cleared by Pomona Valley Hospital and transported to the Baldwin Park CHP office.

**C.     Seized Drug Evidence**

9.     LA-IMPACT Detective Brian Berg told me LA-IMPACT officers responded to the CHP's Baldwin Park office, where Detective Berg examined the contents of the Ziplock bags. Detective Berg observed the Ziplock bags contained a white crystalline substance consistent with methamphetamine. Detective Berg stated that, based on his training and experience and knowledge of narcotics, he believes the Ziplock bags contain methamphetamine. The suspected methamphetamine was transported to LA-IMPACT's office, where it was weighed and found to have a total gross weight (which includes packaging) of 130,362.45 grams (i.e., 130.36 kilograms).

**D.     Interview of Defendant AGUIRRE**

10.     LA-IMPACT officers responded to the CHP's Baldwin Park office to continue the investigation. I spoke with LA-IMPACT Detective Nelson Aguillon and learned, among other things, the following:

   a.     Detective Aguillon and Sergeant Roy Lopez advised AGUIRRE of his Miranda rights via an LA-IMPACT Miranda Form, and AGUIRRE signed a written, English-language form acknowledging his Miranda rights.

   b.     In response to questions, AGUIRRE said he was directed by his boss, an unknown male only known as "JAVIE," to

5

Uber to an abandoned area located in the vicinity of 171st St. E and E. Avenue T8 located in Llano, CA, where a vehicle was staged with the keys inside. AGUIRRE said he was directed to drive the vehicle from the Llano area to Chris's Hamburgers located at 7701 Atlantic Ave, Cudahy, CA. AGUIRRE said he was to park the vehicle at Chris's Hamburgers, depart the area, and an unknown person would pick it up.

  c. AGUIRRE said an unknown male Hispanic ("UM") was the intended customer of the methamphetamine.

  d. AGUIRRE said this was the third time he was transporting narcotics for "JAVIE," and he was to be paid approximately $5,000 for the delivery of the methamphetamine seized from the Honda Odyssey.

  e. AGUIRRE said that, after he picked up the vehicle, he fell asleep at the wheel and awoke to people attempting to push his vehicle to an upright position. Once the vehicle was upright, AGUIRRE got out of the vehicle and fled from responding CHP units.

## CONCLUSION

11. Based on the foregoing, I believe probable cause exists to believe that RICHARD ANDREW AGUIRRE has committed a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), namely, Possession with Intent to Distribute

 //
 //
 //
 //

More Than 500 Grams of a Mixture or Substance Containing Methamphetamine.

                                                /s/
                                         Zachary A. Bargeron
                                         Special Agent,
                                         Drug Enforcement Administration

Attested to by the applicant via telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 on this day, August 21, 2023.

*Karen E. Scott*
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

7